# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JORDAN JEROME SHANHOLTZER,<br><br>    Defendant. | No. 3:19-cr-00112-TMB-DMS<br><br>**REPORT AND RECOMMENDATION[1] TO DENY DEFENSE MOTION TO DISMISS INDICTMENT AS TO ENHANCED STATUTORY PENALTIES [Doc. 81]** |

    Defendant Jordan Shanholtzer is charged with drug conspiracy in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), among other charges. (Doc. 189). Shanholtzer, through counsel, filed a Motion to Dismiss Indictment as to Enhanced Statutory Penalties Allegation Set Forth Under 21 U.S.C. § 841(b). The Motion seeks to dismiss the indictment as to the enhanced penalties and dispel the government's interpretation of Shanholtzer's prior criminal convictions. (Doc. 81 at 1-2).

    In its Notice of Enhanced Statutory Penalties, the government asserted that Shanholtzer's prior conviction for Distribution of Controlled Substances amounts to a "serious drug felony" and his conviction for Assault in the Third Degree amounts to a "serious violent felony" for the purposes of 21 U.S.C. § 802(57) & (58). (Doc. 38 at 1-2). Pursuant to 21 U.S.C. § 841, a minimum imprisonment of 15 years is to be applied to offenders after one prior conviction for a

---

[1] This report and recommendation is being issued as a final report and recommendation. Pursuant to Fed. R. Crim. P. 59(b)(3), any objections will be considered by the District Court Judge who will accept, reject, or modify the recommendation, or resubmit the matter to the Magistrate Judge for additional consideration and recommendations.

"serious drug felony" or "serious violent felony" and a minimum imprisonment of 25 after two or more prior convictions. 21 U.S.C. § 841(b).

Shanholtzer argues his prior state conviction for Assault in the Third Degree under AS 11.14.220(a)(1)(A) "does not meet the definition of 'serious violent felony' . . . nor does it satisfy it under existing and controlling case law precedent." (Doc. 82 at 2).

The government subsequently filed an Amended Notice of Enhanced Statutory Penalties (Doc. 83), which superseded the first Notice of Enhanced Statutory Penalties (Doc. 38). The Amended Notice still asserts that Shanholtzer is subject to enhanced penalties due to his prior conviction for a "serious drug felony," but no longer asserts enhanced penalties due to any prior conviction for a "serious violent felony." (Doc. 83). This change reduces the government's asserted mandatory minimum sentence from 25 years imprisonment (Doc. 38 at 2) to 15 years imprisonment (Doc. 83 at 2).

In the Amended Notice, the government describes how Shanholtzer's prior conviction in 3:07-cr-00090-JWS amounts to a "serious drug felony." (Doc. 83 at 1-2). The government explains, "[o]n December 18, 2008, [Shanholtzer] was convicted of Distribution of Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)" and he "received a sentence of 68 months imprisonment." (Doc. 83 at 2). A "serious drug felony" includes "an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.)" 18 U.S.C. § 924(e)(2)(A), "for which (A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense" 21 U.S.C. § 802(57).

Shanholtzer has not challenged the government's assertion that his prior conviction under 21 U.S.C. §841, for which he served 68 months imprisonment and was released less than 15

*United States v. Shanholtzer*
3:19-cr-00112-TMB-DMS
R&R re Mtn to Dismiss Indictment                                                                 2

years ago, fits this definition. (*See* Doc. 81; Doc. 83 at 1-2). Additionally, the government filed a response noting that Shanholtzer "does not appear to dispute the validity of that conviction" and "[b]ecause the government is no longer pursuing the theory that Shanholtzer finds objectionable, his motion should be denied as moot." (Doc. 84 at 1-2).

For the foregoing reasons, the Court recommends that the District Court DENY the Motion to Dismiss Indictment as to Enhanced Statutory Penalties (Doc. 81) as moot.

DATED this 15th day of December, 2020 at Anchorage, Alaska.

*/s/Deborah M. Smith*
CHIEF U.S. MAGISTRATE JUDGE