IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States of America v. Jordan Shanholtzer, et al.*
Case No. 3:19-cr-00112-TMB-DMS

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on the Final Report and Recommendation to Grant in Part and Deny in Part Defense Motion to Compel Reasonable Access to Counsel and Digital Evidence (the "Final R&R").[1] For the reasons discussed, the Final R&R is **ADOPTED as MODIFIED** as set forth below.

### I. More Correctional Facilities in Other States Are Allowing In-Person Legal Visitation.

The Final R&R stated that as of March 15, 2021, correctional facilities in 38 other states allowed some sort of in-person attorney visitation.[2] That number has significantly increased since the Final R&R was issued; currently, correctional facilities in 47 states and the District of Columbia allow in-person legal visitation.[3] Only correctional facilities in Alabama, Mississippi, and Virginia are currently barring in-person legal visitation.[4]

This information supports the Court's conclusion that the Alaska Department of Corrections' ("DOC") denial of in-person visitation with physical barriers, such as plexiglass, was an exaggerated response to COVID-19 concerns; the fact that so many other facilities are currently providing in-person visitation to inmates is evidence that it can be done without significant risks. *See Morrison v. Hall*, 261 F.3d 896, 905 (9th Cir. 2001).

### II. The Number of COVID Cases in DOC Facilities Has Increased Over the Last Month, But They Remain Below the Number of Cases at the Time of the Evidentiary Hearing.

The findings in the Final R&R were based on data current as of March 15, 2021, the date of the evidentiary hearing on the motion. At that time, 52 inmates were testing positive for COVID-19

---

[1] Dkt. 301 (Final R&R).
[2] *Id.* at 4 (citing Dkt. 282 at 92 (Hearing Tr.)).
[3] The Marshall Project, How Prisons in Each State Are Restricting Visits Due to Coronavirus, https://www.themarshallproject.org/2020/03/17/tracking-prisons-response-to-coronavirus (last visited July 30, 2021). During the evidentiary hearing, the defense admitted Exhibit D-3, which was a printout of data from The Marshall Project from March 1, 2021. The Marshall Project does not make clear which states allow in-person contact visitation with no physical barrier, but only provides whether in-person legal visitation has resumed. *See id.*
[4] *Id.*

in all DOC facilities.[5] As of August 2, 2021, 38 inmates were testing positive for COVID-19 in all DOC facilities. This information was provided to the Court by the U.S. Marshals Service, based upon DOC statistics.

The Final R&R noted that there were 1,360 inmates testing positive for COVID-19 in DOC facilities statewide in December 2020, that number went down to 479 in January 2021; 13 in February 2021; four on March 8, 2021; and 52 on March 15, 2021.[6] As demonstrated in the chart and graph below,[7] COVID cases in DOC facilities declined from March 15 through mid-July and have been increasing somewhat since July 19, 2021. While cases are increasing, current COVID case numbers in DOC facilities are still below the number of cases relied on in the Final R&R and are far below the numbers DOC saw in December 2020 and January 2021.



//
//
//
//
//
//

---

[5] Dkt. 301 at 5 (citing Dkt. 282 at 215–16).
[6] *Id.*
[7] The Court takes judicial notice of the data provided by the Department of Corrections and reported to the Court by the U.S. Marshals Service.

| Date | Positive COVID (All DOC Facilities) | |
|---|---|---|
| | Federal Inmates | All Inmates |
| 12/1/2020 | 68 | 1360 |
| 1/4/2021 | 66 | 479 |
| 2/8/2021 | 0 | 7 |
| 2/22/2021 | 1 | 13 |
| 3/1/2021 | 1 | 6 |
| 3/8/2021 | 0 | 4 |
| 3/15/2021 | 1 | 52 |
| 4/5/2021 | 1 | 5 |
| 6/7/2021 | 0 | 1 |
| 6/21/2021 | 0 | 5 |
| 7/6/2021 | 0 | 2 |
| 7/15/2021 | 0 | 3 |
| 7/19/2021 | 1 | 31 |
| 7/26/2021 | 3 | 24 |
| 8/2/2021 | 3 | 38 |

### III. Conclusion

The Court **GRANTS in part and DENIES in part** the defense Motion to Compel Reasonable Access to Counsel and Digital Evidence at Docket 266. The Court **FINDS** that DOC's pre-injunction counsel visitation policy's distinction based on an inmate's vaccination status violates the defendants' Sixth Amendment rights to counsel and Fifth Amendment rights to due process, **THEREFORE**, the Court directs the DOC to allow in-person contact attorney-client visitation to inmates regardless of their vaccination status.

The DOC should accommodate requests for:

(1) in-person counsel visitation with a physical barrier for vaccinated and unvaccinated inmates;

(2) requests for in-person counsel visitation without a barrier within 24 hours for vaccinated inmates, subject to facility capacity limitations; and

> (3) requests for in-person counsel visitation without a barrier within 24 hours for unvaccinated inmates, if the inmate is willing to be quarantined for 14 days after visitation and the facility has the capacity for the quarantine.

Inmates should not be denied visitation absent good cause, such as an attorney or his/her client presenting signs of COVID-19. When in-person visitation without a physical barrier is denied, DOC is directed to keep a record of the denial and the reasons for such denial.

The Court denies the defense's request for a Court visit to DOC facilities and denies the defense's request that the Court order the DOC to develop new private discovery review procedures.

Based on the record before the Court, in-person visits without a physical barrier between attorneys and their clients can now be safely resumed, regardless of vaccination status with the utilization of quarantine, thus ensuring defendants' Sixth Amendment rights are protected and there is an opportunity for adequate pretrial preparation.

Should the realities of COVID-19 and its variants significantly change or new information regarding the efficacy of the COVID-19 vaccine become available, the DOC may alter its visitation procedures accordingly, but must provide prior notice to this Court of such changes, including detailed justification for the change.

Accordingly, for the foregoing reasons, the Final R&R is **ADOPTED as MODIFIED** and the Motion to Compel at Docket 266 is **GRANTED in part and DENIED in part**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: August 5, 2021.