IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>MATTHEW WILSON MOI,<br>a/k/a "Matt Matt",<br><br>                    Defendant. | Case No. 3:19-cr-00112-TMB-SAO-2<br><br>ORDER ON DEFENDANT MOI'S MOTION FOR LEAVE TO MAIL A POST-TRIAL JURY QUESTIONNAIRE TO TRIAL JURORS<br><br>(DKT. 632) |

## I. INTRODUCTION

The matter comes before the Court on Defendant Matthew Wilson Moi's Motion for Leave to Mail a Post-Trial Jury Questionnaire to Trial Jurors (the "Motion").[1] In the Motion, Moi requests leave from the Court to send a written questionnaire to the trial jurors, including the alternates, "to solicit feedback regarding trial and performance of counsel."[2] The Government opposes the Motion.[3] Oral argument was not requested, and the Court finds the matter suitable for disposition without oral argument. For the following reasons, Moi's Motion at Docket 632 is **DENIED**.

---

[1] Dkt. 632 (Motion).

[2] *Id.* at 1; *see also* Dkt. 632-1 (Questionnaire).

[3] Dkt. 639 (Opposition).

## II. BACKGROUND

Trial began on February 22, 2022.[4] The Court empaneled sixteen jurors—twelve jurors and four alternates.[5] On March 11, 2022, the jury found Moi guilty on all counts.[6]

Now, Moi requests permission from the Court to mail a fourteen-question survey to each of the sixteen jurors.[7] The questionnaire includes the following open-ended questions:

1. What was your overall impression of the trial and the juror experience?
2. What did you think of the jury selection process?
3. Now that the trial is over, what questions do you think the attorneys should have asked you and/or the other jurors during the jury selection, but did not? Why?
4. What were the most important factors for you in the reaching a decision about this case?
5. Who were the strongest, most influential, witnesses?
6. Who were the weakest, or least helpful, witnesses?
7. Did you believe the testimony of the cooperating witnesses: Kyle Dwiggins, Jordan Shanholtzer, and Isaiah Roderick? How important was their testimony in reaching your verdict?
8. What evidence or arguments were the most persuasive?
9. What questions remained unanswered for the jury?
10. In your opinion, what were the most confusing aspects of this case?
11. What did you think of the attorneys for the prosecution?
12. What did you think of Mr. Moi's attorneys? Did you have any feelings (positive/negative) about Mr. Moi being represented by public defenders?
13. Do you have advice for any of the attorneys if they were to try this case again?
14. Is there anything we haven't touched on that you think would be informative to the attorneys in this case?[8]

---

[4] Dkt. 567 (Text Order Re: Trial Schedule).

[5] Dkt. 572 (Minute Entry). One juror was released from jury service during the presentation of the evidence.

[6] Dkt. 620 (Minute Entry); Dkt. 621 (Jury Verdict); Dkt. 626 (Special Verdict Form).

[7] *See generally* Dkt. 632.

[8] Dkt. 632-1.

The survey also invites jurors "to provide additional feedback" by contacting a representative of Moi's defense team directly.[9]

Moi argues that the Court should exercise its discretion to permit Moi to initiate contact with the jurors in his case. According to Moi, the proposed questionnaire strikes the proper balance between an attorney's First Amendment interest in speaking with jurors and the jurors' interest in privacy.[10]

The Government opposes the Motion on the basis that Moi has failed to provide justification for the request.[11] The Government also alleges that the Motion has "all the makings of a comprehensive post-trial inquisition designed to call into question the jurors' deliberations, their review of the arguments of the parties, and the evidence presented at trial," all while attempting "to elicit detailed information about how the jurors conducted their deliberations."[12]

### III. LEGAL STANDARD

"Federal courts have generally disfavored post-verdict interviewing of jurors."[13] The District of Alaska's Local Rules do not prohibit post-verdict juror communications but do restrict the parties' ability to initiate contact with jurors. Local Criminal Rule ("Rule") 24.1 provides:

> After the jury concludes its deliberations and is discharged, a party, attorney, or other interested person may communicate with a juror who first initiates contact. Unless otherwise ordered, no party, lawyer, investigator, or other agent for a party shall attempt to initiate contact with any trial juror, including any alternate juror.

---

[9] *Id.* at 3.

[10] Dkt. 632 at 2.

[11] Dkt. 639 at 1.

[12] *Id.* at 4.

[13] *Haeberle v. Texas Int'l Airlines*, 739 F.2d 1019, 1021 (5th Cir. 1984).

> Jurors are free to, but are under no obligation to, discuss the trial in which the juror has been a participant.[14]

### IV. DISCUSSION

The Court denies Moi's request to send a post-trial survey to each juror "to solicit feedback regarding trial and performance of counsel."[15] As support for the request, Moi cites the Local Rules and a single Fifth Circuit case, but neither provide justification for the Motion. Moi also does little to distinguish why the outcome here should be different than the holding in the Fifth Circuit case *Haeberle v. Texas International Airlines*.[16]

The Court cannot find that Moi's attorney's First Amendment interests outweigh the jurors' interest in privacy or the public's interest in well-administered justice. In *Haeberle*, the Fifth Circuit upheld a trial court's denial of leave "to interview jurors in order to learn 'some lesson' about the basis for its verdict adverse to his client."[17] The Fifth Circuit explained that the "first-amendment interests of both the disgruntled litigant and its counsel in interviewing jurors in order to satisfy their curiosity and improve their advocacy are limited."[18] And while an attorney's "interests are not without first amendment significance, they are not 'paramount' like the public's right to receive information necessary for informed self-government."[19] Here, instead of seeking to interview or "chat" with jurors, Moi proposes sending written surveys by mail. According to

---

[14] D. Alaska Local Crim. R. 24.1(b).

[15] Dkt. 632 at 1.

[16] 739 F.2d 1019 (5th Cir. 1984).

[17] *Id.* at 1022.

[18] *Id.*

[19] *Haeberle*, 739 F.2d at 1022 (internal citations omitted).

Moi, "[a] mailed questionnaire is not nearly as intrusive as a phone call or in-person interview," because "[j]urors who do not want to provide feedback can simply deposit the questionnaire in the garbage along with other undesirable mail."[20] But without more, the Court does not find that mail is necessarily less intrusive than phone calls. For one, Moi's justification applies to phone calls: where if a juror does not want to provide feedback, the juror could screen their calls, block the caller, or simply hang up on the caller.

More important to the Court's analysis though are the myriad of reasons why courts are generally hesitant to permit post-verdict surveys. Moi asserts that "there is little detriment to the jurors" if he is permitted to send a survey soliciting feedback following the trial.[21] The Government, however, disagrees.[22] The Court agrees with the Government that "[t]here is a judicial reluctance, for sound and easily understood reasons 'to inquire into the state of mind of any juror and into the conduct of the jurors during their deliberations.'"[23] Courts explain that the reasons for their reluctance include "to avoid harassment of jurors, inhibition of deliberation in the jury room, a deluge of post-verdict applications mostly without real merit, and an increase in opportunities for jury tampering; it is also to prevent jury verdicts from being made more

---

[20] Dkt. 632 at 2.

[21] *Id.*

[22] Dkt. 639 at 2.

[23] *Economou v. Little*, 850 F. Supp. 849, 851 (N.D. Cal. 1994) (quoting *King v. United States,* 576 F.2d 432, 438 (2d Cir.1978)); *see generally Mitchell v. United States*, 958 F.3d 775, 787 (9th Cir. 2020).

uncertain."[24] Moi has done little to assuage the Court of these concerns. For these reasons, the Court denies the Motion.

V. CONCLUSION

For the foregoing reasons, Defendant Moi's Motion for Leave to Mail a Post-Trial Jury Questionnaire to Trial Jurors at Docket 632 is **DENIED**.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 12th day of April, 2022.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[24] *Economou*, 850 F. Supp. at 851 (quoting *King,* 576 F.2d at 438).